## Earl Steward and Fred Steward, Appellees, v. Jacob Weisenmayer et al., Appellants.

### Gen. No. 21,947.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 30, 1916.

### Statement of the Case.

Action by Earl Steward and Fred Steward, plaintiffs, against Jacob Weisenmayer and others, defendants, on a promissory note made by the defendants payable to the plaintiffs. From a judgment for plaintiffs, defendants appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The evidence showed that plaintiffs and two others were the officers of a corporation, and comprised its board of directors and all of its stockholders; that the corporation owned a patent and duly executed an assignment of it to four persons, three of whom were makers of said note; that the consideration named was $15,000, of which $5,000 was paid at the time of the assignment; that an understanding was reached between the directors as such at a regular meeting (who comprised all the stockholders) that the balance of $10,000 should be divided between them according to their respective shareholdings, of which plaintiffs held two-thirds; that the note in question was given and taken for their pro rata interest with a clear understanding by all parties, including all the stockholders aforesaid and the makers of the note, that it was in part payment of such consideration.

JOHN FOSTER and WILLIAM SCHULZE, for appellants; J. HENRY KRAFT, of counsel.

SHERIFF, DENT, DOBYNS & FREEMAN, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 50*—*when acquisition of corporate assets sufficient consideration for notes to stockholders.* In an action by payees on a promissory note made and given by the defendants and another in payment of the purchase price of a patent owned by a corporation, in which payees were stockholders, it having been agreed at a regular meeting of the corporation, at which all the directors and stockholders were present, that the patent should be sold to the purchasers and that the note sued on should be received by the payees in payment of their pro rata interest in the patent as such shareholders, *held* that the defendant could not

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defend on the ground of want of consideration, nor a second recovery be had for the patent by the corporation.

2. BILLS AND NOTES, § 50*—*what consideration sufficient.* In an action on a promissory note by payees against the maker, *held* that want of consideration was no defense, although some of the makers were not direct beneficiaries of the consideration for which the note was given, it not being necessary that the consideration should have passed to them from the payees, and that if there was a valuable consideration passing to them from the other makers, or any one else, by reason of which they executed the note, that would be sufficient to sustain it.